UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

INGRA JOHNSON BARNWELL,  :
    Plaintiff,  :
v.  :  No. 3:10-CV-01301 (DJS)
FCI DANBURY, MAUREEN BAIRD,  :
and MARVIN BUNDY,  :
    Defendants.  :

**MEMORANDUM OF DECISION AND ORDER**

The plaintiff, Ingra Johnson Barnwell, proceeding pro se, brings this action against the defendants, the Federal Bureau of Prisons, the Federal Correctional Institution at Danbury ("FCI Danbury"), Maureen Baird, and Marvin Bundy, more properly sued as the United States, alleging liability for the tort of negligence and seeking damages. Jurisdiction exists under 28 U.S.C. § 1346(b). Now at bar are three Motions to Dismiss and a Motion to Seal by the defendants, as well as a Motion to Amend the Complaint by Barnwell. For the following reasons, all three Motions to Dismiss are DENIED, the Motion to Seal is GRANTED, and the Motion to Amend is DENIED.

## I. BACKGROUND[1]

Barnwell is an individual currently residing in Moresville, North Carolina. At the time of the events relevant

---

[1] Unless otherwise indicated, the following is drawn from filings related to the motions at bar.

to this action, she was incarcerated at FCI Danbury. Maureen Baird is FCI Danbury's warden. Marvin Bundy is a safety inspector at FCI Danbury.

On August 13, 2007, a light fixture weighing 20 to 30 pounds, which was installed on the ceiling above Barnwell's bunk, unexpectedly fell to the ground. Barnwell was not immediately below the fixture at that time, and thus, was not harmed. She immediately reported the incident to correctional officers. One week later, the fixture was reinstalled on the ceiling above her bunk.

On August 28, 2007, the fixture fell again. This time, Barnwell was sleeping in her bunk and the fixture landed on her head and upper body. She explains that she subsequently experienced severe pain in her head, right arm, and right shoulder. She reported the accident to her work supervisor the following morning and was sent to the facility's medical clinic where she was examined and given medication.

On August 30, 2007, Barnwell returned to the facility's medical clinic. She was seen by two doctors and sent to Danbury Hospital. There, she underwent a CAT Scan and was diagnosed with post-concussive syndrome for which she was prescribed medication.

Over the two subsequent years, Barnwell has continued to receive medical treatment related to the injuries she sustained

2

from the fallen light fixture, including a neurologist's evaluation in June 2008, an orthopedic surgeon's evaluation in March 2009, and an MRI exam in May 2009. Nonetheless, she has continued to regularly experience migraine headaches, pain in her right arm and shoulder, and occasional numbness in her arms and legs.

Barnwell brought this action seeking compensation for her injuries. The defendants now move to dismiss.

## II. ANALYSIS

### A. Barnwell's Cause of Action

As a preliminary matter, the parties' filings exhibit confusion as to the applicable theory of liability underlying Barnwell's claim. The appropriate cause of action should therefore be clarified before addressing the merits of the pending motions.

On August 27, 2009, nearly a year before she initiated this action, Barnwell filed an Administrative Tort Claim with the Bureau of Prisons seeking $100,000 in damages for her injuries. (Dkt. # 1, p. 9.) Her administrative claim was considered pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2672, but was ultimately denied. (Dkt. # 15-2, p. 81.)

Barnwell then filed her initial pro se Complaint in this action, alleging that she had "suffered severe, serious and permanent injuries as a result of the prison's failure to

3

adequately repair a heavy ceiling light that had fallen before," and seeking "damages for personal injuries and maintenance negligence in the amount provided on [an] original tort claim." (Dkt. # 1, p. 4.)

On September 9, 2010, the Court preliminarily examined Barnwell's Complaint and issued an Initial Review Order. (Dkt. # 4.) Therein, the Court specifically observed that Barnwell did "not reference the FTCA in the body of her complaint," but nonetheless concluded that she had adequately pled a tort claim against the United States pursuant to the FTCA, 28 U.S.C. § 1346(b). (Dkt. # 4, pp. 1-2.)

On October 5, 2010, Barnwell filed an Amended Complaint. (Dkt. # 9.) Therein, she added Bundy as a defendant, but otherwise, she merely restated the allegations appearing in her initial Complaint, albeit somewhat more succinctly. (Dkt. # 9, pp. 3, 5-7.) Significantly, however, she presented her Amended Complaint on a pre-printed form often used by prisoners for this purpose. The second page of that form contains a section entitled "JURISDICTION" which reads as follows:

> Because federal courts cannot hear every kind of claim, you must identify the law that says this court can hear your claim. There are two possibilities. Check **one**.
>
> I can bring my complaint in federal court because I am suing:
>
> 1. _____ State, county or city employees for

>     violating my federal rights under 42 U.S.C. Sec.
>     1983/1985/1986; OR
>
> 2. _____ Federal employees for violating my federal
>    rights under *Bivens v. Six Unknown Named Agents of
>    Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28
>    U.S.C. Sec. 1331.

(Dkt. # 9, p. 2 (emphasis in original).)

In Barnwell's Amended Complaint, a check mark prominently appears next to the second choice. (Dkt. # 9, p. 2.) Solely on the basis of that check mark, the defendants argue that Barnwell now "alleges unspecified violations of her constitutional rights" under Bivens, explaining that her "amended complaint, which presumably supercedes [sic] and replaces the original complaint, specifically references a cause of action under 28 U.S.C. [§] 1331." (Dkt. # 15-1, pp. 2-3.)[2]

The Court disagrees. A pro se complaint is adequately pled if its allegations "can conceivably give rise to a viable claim." Phillips v. Girdich, 408 F.3d 124, 130 (2d Cir. 2005). Such a complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Indeed, it must be "liberally construed," id., and interpreted "to raise the strongest arguments that it suggests," Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010).

---

[2] The defendants adhere to this view in subsequent filings, explaining that "[o]n a form provided by the court, [Barnwell] made clear that . . . she considers her cause of action to be a civil rights violation[.]" (Dkt. # 23-1, p. 3.)

Here, Barnwell's Amended Complaint presents the very same factual allegations as did her initial Complaint. Again, she does not reference the FTCA in the body of her Amended Complaint, but has nonetheless adequately pled a tort claim against the United States pursuant to the FTCA, 28 U.S.C. § 1346(b).

The pre-printed form Barnwell used to file her Amended Complaint states that a basis for jurisdiction "must" be identified, but fails to indicate that jurisdiction can be established pursuant to the FTCA. See, e.g., Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 472 (2d Cir. 2006); Coulthurst v. United States, 214 F.3d 106, 111 (2d Cir. 2000). Barnwell's check mark indicating that jurisdiction is sought under Bivens suggests that she has attempted to comply with the form's instructions by choosing the option that seemed most suitable to her claim, which she brings against "Federal employees," and not against "State, county or city employees." But nowhere in either her initial or amended complaints does she allege that her constitutional rights were somehow violated, nor does she even mention her constitutional rights in any respect. As such, the only cause of action Barnwell here alleges is the tort of negligence, and thus, she does not allege "unspecified violations of her constitutional rights" under Bivens.

## B. The Motions to Dismiss

To date, the defendants have filed three motions to dismiss. The first, filed February 18, 2011, argues that Barnwell is foreclosed from asserting a Bivens claim because she has failed to exhaust administrative remedies available to her, (dkt. # 15-1, pp. 3-7), and because she has failed to demonstrate that each defendant personally participated in the alleged deprivation of her constitutional rights, (dkt. # 15-1, pp. 10-12). As explained above, Barnwell's claim is not brought under Bivens, and thus, cannot be dismissed on these grounds.

The defendants' first motion to dismiss, however, also specifically argues that Barnwell's failure to exhaust all administrative remedies forecloses her assertion of a tort claim under the FTCA. (Dkt. # 15-1, pp. 7-10.) Indeed, an FTCA claim may only be brought after the claimant's administrative remedies have been exhausted. 28 U.S.C. § 2675(a). See Celestine v. Mount Vernon Neighborhood Health Center, 403 F.3d 76, 82 (2d Cir. 2005). A claimant's administrative remedies are only exhausted when the claim has been finally denied in writing by the appropriate federal agency. 28 U.S.C. § 2675(a). Here, the appropriate federal agency is the Bureau of Prisons, which requires that claims be filed with its regional office in the region where the loss or injury occurred. 28 C.F.R. § 543.31(c).

On August 27, 2009, the Jerome N. Frank Legal Services Organization at Yale Law School (the "YLS Clinic"), representing Barnwell pro bono, initiated her administrative claim by sending the appropriate form to Henry Sadowsky, Regional Counsel for the Northeast Regional Office of the Federal Bureau of Prisons. (Dkt. # 1, p. 9.)

On February 24, 2010, Sadowsky denied that claim. His denial letter concludes as follows: "If you are dissatisfied with this decision, you may bring an action against the United States in an appropriate United States District Court within six (6) months of the date of this letter." (Dkt. #15-2, p. 81.)

On June 17, 2010, the YLS Clinic sent a letter to Sadowsky requesting that he reconsider the claim's denial. (Dkt. # 1, p. 10.) That same day, the YLS Clinic also sent Barnwell a letter informing her that reconsideration was being sought, and stating the following:

> Please remember that if you would like to proceed on your claim you only have until August 24, 2010 to file your complaint in the United States District Court. Unfortunately, . . . the clinic will be unable to help represent you going forward. We suggest that you start looking for a new attorney now. Even if you are unable to find a new attorney by early August, you may want to consider filing a complaint pro se. . . . We do not suggest that you wait for an answer to our reconsideration letter before beginning this process, as we are not hopeful that, even with all the attached documentation, Attorney Sadowski will change his mind.

(Dkt. # 1, p. 11.) On August 12, 2010, Barnwell filed her

8

initial Complaint in this action.[3]  Ultimately, on February 1, 2011, Sadowsky notified Barnwell that her claim, upon reconsideration, remained denied.  (Dkt. # 15-3, p. 61.)

The defendants now argue that Barnwell's initial Complaint in this action was "prematurely filed" and, on that basis, seek its dismissal.  Specifically, they concede that she could have initiated this action within six months of the Bureau of Prisons' February 24, 2010, decision denying her administrative claim, but argue that her administrative remedies effectively ceased to be exhausted when she sought reconsideration of her claim's denial on June 17, 2010, thus barring her from seeking relief in federal court until after receiving a decision from the Bureau of Prisons with respect to her request for reconsideration.

As the defendants note, no binding precedent speaks directly to this issue.  (Dkt. # 15-1, pp. 9-10, n.1.)  Another district court within this Circuit, however, has concluded that "a final denial [by an] agency in writing is, in fact, final for the purpose of exhaustion under § 2675, irrespective of the possibility for reconsideration by the agency."  State Farm Mut. Auto. Ins. Co. v. United States, 326 F. Supp. 2d 407, 417

---

[3] On September 3, 2010, Sadowsky sent a letter to Barnwell acknowledging his receipt of her initial Complaint, but erroneously characterizing it as another "request for reconsideration," and stating: "[u]nder the provisions of the applicable federal statutes, we have six months from the date of receipt to review, consider, and adjudicate your claim." (Dkt. # 15-3, p. 59.)

9

(E.D.N.Y. 2004). There, the court emphasized a passage from a letter denying the plaintiff's administrative claim, which stated that "if the plaintiff does not agree with the denial, the plaintiff may file suit in the appropriate Federal District Court not later than six months after the date of the mailing of this notification." Id. The court explained that "[t]his direct reference to the language of the FTCA indicates that this is the final denial for the purpose of filing suit under § 2675," and that "[i]t would be unfair to punish a plaintiff for relying on the agency's own clear statement that its written denial triggers the 'window of opportunity' to file suit." Id.

Here, the same language prominently appears in the Bureau of Prisons' letter denying Barnwell's administrative claim. As in State Farm, the Court here concludes that it would be unfair to punish Barnwell for relying on the Bureau of Prisons' own clear statement that its written denial permitted her to initiate this action. Accordingly, the defendants' first Motion to Dismiss (dkt. # 15) is denied.

The defendants' second motion to dismiss, filed July 11, 2011, again argues that Barnwell is foreclosed from asserting a Bivens claim because she has failed to exhaust the administrative remedies available to her, (dkt. # 23-1, pp. 3-7), and because she has failed to demonstrate that each defendant personally participated in the alleged deprivation of

her constitutional rights, (dkt. # 23-1, pp. 9-14). In addition, the defendants argue that Barnwell has failed to allege sufficient facts to support liability for deliberate indifference to medical need in violation of the Eighth Amendment to the United States Constitution. (Dkt. # 23-1, pp. 14-19.) Again, Barnwell's claim is not brought under Bivens, and thus, cannot be dismissed on these grounds. Accordingly, the defendants' second Motion to Dismiss (dkt. # 23) is denied.

The defendants' third motion to dismiss, filed October 4, 2011, observes that Barnwell has filed no response to the defendants' second motion to dismiss, and therefore, seeks dismissal on the ground that she has failed to prosecute this action. (Dkt. # 24.) Barnwell, however, has filed a response to the defendant's first motion to dismiss. (See dkt. # 19.) Given the significant overlap that exists between the arguments defendants make in their first and second motions, Barnwell's response to the first motion also largely responds to the second. Accordingly, the defendants' third Motion to Dismiss (dkt. # 24) is denied.

### C. The Motion to Seal

The defendants move to seal documents drawn from Barnwell's personal medical records at FCI Danbury. (Dkt. # 22-1.) "[T]he courts of this country recognize a general right to inspect and copy . . . judicial records and documents." Nixon v. Warner

Comm., Inc., 435 U.S. 589, 597 (1978). See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120-27 (2d Cir. 2006). Courts are therefore reluctant to limit public's access to the judicial process without demonstrated good cause. Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 96 (2d Cir. 2004) (Judicial records enjoy a "presumption of openness," that is rebuttable "upon demonstration that suppression is essential to preserve higher values and is narrowly tailored to serve that interest."); In re Orion Pictures Corp., 21 F.3d 24, 27 (2d Cir. 1994) ("In most cases, a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need.").

Here, Barnwell does not oppose the motion, which only seeks to seal records relating to her personal medical treatment. Federal law generally treats such records as confidential. See Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub.L. 104-191 (1996). Accordingly, the Motion to Seal is granted.

### D. The Motion to Amend

On April 27, 2011, Barnwell filed a motion to further amend her Complaint in order to add Donna Zickefoose and Darin Daly as defendants. (Dkt. # 20.) Zickefoose is FCI Danbury's former warden. Daly is a health services administrator at FCI Danbury.

The amendment Barnwell seeks would be futile. A suit

12

against the United States under the FTCA is the "exclusive remedy for nonconstitutional torts by a government employee acting within the scope of his employment." Castro v. United States, 34 F.3d 106, 110 (2d Cir. 1994). See 28 U.S.C. § 2679(b)(1). In other words, "the FTCA makes individual government employees immune from common-law tort claims for acts committed within the scope of their employment." Castro, 34 F.3d at 110. See Rivera v. United States, 928 F.2d 592, 608 (2d Cir. 1991). Ultimately, the United States will be substituted as the party defendant in this action if it appropriately certifies that the individuals involved in this action were acting within the scope of their employment at the time of the incident out of which her claim arose. See 28 U.S.C. § 2679(d)(1). Accordingly, Barnwell's Motion to Amend is denied.

### III. CONCLUSION

For the foregoing reasons, the defendants' three pending Motions to Dismiss **(dkt. # 15, 23, 24)** are **DENIED**, their Motion to Seal **(dkt. # 22)** is **GRANTED**, and Barnwell's Motion to Amend **(dkt. # 20)** is **DENIED**.

SO ORDERED this 3rd day of November, 2011.

_____/s/DJS_____
**DOMINIC J. SQUATRITO**
**UNITED STATES DISTRICT JUDGE**