```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


INGRA JOHNSON-BARNWELL,       :
        Plaintiff,            :
                              :
    v.                        :     Case No. 3:10-cv-1301(DJS)
                              :
FCI DANBURY, et al.,          :
        Defendants.           :
```

RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [Doc. #43]

The pro se plaintiff, Ingra Johnson-Barnwell, filed this action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) (2006) ("FTCA").  She alleges that, while confined at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"), a light fixture over her bed fell on her while she was sleeping, causing physical injuries.  She further alleges that the correctional maintenance staff was aware of problems with that fixture and was negligent in maintaining the fixture. She also claims that she did not receive proper treatment after the accident. The defendants have filed a motion for summary judgment.  For the reasons that follow, the defendants' motion is granted.

I.   Standard of Review

A motion for summary judgment may be granted only where there are no issues of material fact in dispute and the moving party is entitled to judgment as a matter of law.  See Rule

56(a), Fed. R. Civ. P.; In re Dana Corp., 574 F.3d 129, 151 (2d Cir. 2009).  The moving party may satisfy his burden "by showing-that is pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case." PepsiCo, Inc. v. Coca-Cola Co., 315 F.3d 101, 105 (2d Cir. 2002) (per curiam) (internal quotation marks and citations omitted).  Once the moving party meets this burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial.  Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009).  He must present such evidence as would allow a jury to find in his favor in order to defeat the motion for summary judgment. Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000). Merely verifying the conclusory77 allegations of the complaint in an affidavit, however, is insufficient to oppose a motion for summary judgment.  Zigmund v. Foster, 106 F. Supp. 2d 352, 356 (D. Conn. 2000) (citing cases).

    When reviewing the record, the court resolves all ambiguities and draws all permissible factual inferences in favor of the party against whom summary judgment is sought.  Loeffler v. Staten Island Univ. Hosp., 582 F.3d 268, 274 (2d Cir. 2009). If there is any evidence in the record on a material issue from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is inappropriate.  Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc., 391 F.3d

77, 83 (2d Cir. 2004). However, the existence of a mere "scintilla" of evidence supporting the plaintiff's position is insufficient to defeat a motion for summary judgment. <u>Havey v. Homebound Mortgage, Inc.</u>, 547 F.3d 158, 163 (2d Cir. 2008).

II.  <u>Facts</u>

Before reciting the facts which the Court finds to be undisputed, the Court wishes to address an issue concerning the plaintiff's filings in opposition to the defendants' motion. The Rules of the United States District Court for the District of Connecticut contain specific requirements pertaining to papers filed in opposition to a motion for summary judgment. Those papers must include a "'Local Rule 56(a)2 Statement,' which states in separately numbered paragraphs meeting the requirements of Local Rule 56(a)3 and corresponding to the paragraphs contained in the moving party's Local Rule 56(a)1 Statement whether each of the facts asserted by the moving party is admitted or denied." L. Civ. R. 56(a)2.

In the Local Rule 56(a)2 Statement, each denial of a fact asserted by the moving party "must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. . . . The 'specific citation' obligation of this Local Rule requires counsel and pro se parties to cite to specific paragraphs when citing affidavits . . . and to cite to

specific pages when citing to deposition or other transcripts or to documents longer than a single page in length." L. Civ. R. 56(a)3. Failure to provide this specific citation "may result in the Court deeming certain facts that are supported by the evidence admitted . . . ." Id.

The Local Rules require a represented party moving for summary judgment against a pro se party to file and serve as a separate document a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" ("Notice") in the form specified in L. Civ. R. 56 (b). The moving party must also attach to the Notice copies of Fed. R. Civ. P. 56 and L. Civ. R. 56. The defendants' summary judgment filings included a document entitled "Notice to Pro-Se Litigant Opposing a Motion for Summary Judgment." The contents of that Notice, however, reflected the substance of the form required to be provided to a pro se party in connection with a motion to dismiss under Fed. R. Civ. P. 12, rather than a motion for summary judgment under Fed. R. Civ. P. 56.

The plaintiff's opposition to the defendants' summary judgment consisted of one page of argument and a one page attachment that appears to be a billing statement from a health care provider in North Carolina.

Having been instructed by the Court to correct their Notice, the defendants subsequently filed a second Notice. Although the defendants attached copies of Fed. R. Civ. P. 56 and L. Civ. R.

56 to the Notice, the Notice itself was not in the form specified in L. Civ. R. 56 (b). Most importantly, the Notice did not advise the pro se plaintiff of the nature and importance of "one or more affidavits disputing the defendant's version of the facts." L. Civ. R. 56 (b). Thereafter, the defendants filed a third Notice that complied with the requirements of the Local Rules.

After the defendants had filed their third Notice, the plaintiff filed a second response to the summary judgment motion. Her response to the motion consisted of slightly more than one page of argument. The plaintiff's response did not in any way comply with the requirements of L. Civ. R. 56 (a).

Because the Court was concerned about the confusion that may have resulted from the multiple notices filed by the defendants, the Court conducted a telephone conference with all parties on October 23, 2013. During that conference, the Court reviewed in detail the requirements of Local Rule 56. In particular, the Court explained to the plaintiff the necessity of filing one or more affidavits disputing the defendants' version of the facts, including an explanation of what an affidavit is. The plaintiff indicated that she understood the Court's explanations and the Court then provided the plaintiff with a further opportunity to supplement her opposition to the summary judgment motion.

The plaintiff filed her third response to the defendants' summary judgment on November 18, 2013. This response included the

same arguments contained in the plaintiff's second response. In addition, the plaintiff submitted fifty-five pages of documents, all of which appear to have been previously filed by the defendants in connection with prior motions to dismiss. The third response, like the previous two, does not include a Local Rule 56(a)2 Statement or otherwise state whether the plaintiff admits or denies the fourteen numbered paragraphs of the defendants' Local Rule 56(a)1 Statement. Neither does it include any affidavit disputing the defendants' version of the facts. The inescapable conclusion is that the plaintiff has failed to comply with the requirements of Local Rule 56 as they pertain to papers filed in opposition to a motion for summary judgment.

    The Court recognizes that the plaintiff is representing herself in this matter, and is well aware that "the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d. Cir. 2006) (internal quotation marks omitted). However, "*pro se* parties are not excused from abiding by the Federal Rules of Civil Procedure." Collins v. Experian Credit Reporting Service, No. 3:04CV1905 (MRK), 2006 WL 2850411, at *1 (D. Conn. Oct. 3, 2006); see McNeill v. United States, 508 U.S. 106, 113 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by

those who proceed without counsel"). Because the plaintiff has failed to comply with the requirements of Local Rule 56 (a)2 and (a)3, the Court will deem the defendants' factual assertions, to the extent that they are properly supported by the evidence, admitted. See L. Civ. R. 56(a)3 ("failure to provide specific citations to evidence in the record as required by this Local Rule may result in the Court deeming certain facts that are supported by the evidence admitted in accordance with Rule 56(a)1").

The plaintiff currently resides in Mooresville, North Carolina. At the time of the incident giving rise to this action, she was incarcerated at FCI Danbury.

On August 13, 2007, a light fixture on the ceiling above the plaintiff's bunk unexpectedly fell. The plaintiff was not directly below the fixture at that time and was not injured. The plaintiff alleges that on August 28, 2007, the fixture fell again, striking her and causing injuries to her head and upper body. She was subsequently sent to the facility medical unit, examined, and given medication for her complaints of head, right arm and right shoulder pain.

The plaintiff received medical treatment for her complaints both at the correctional facility and an outside hospital. She was seen by correctional medical staff 15 time in the year following the accident and 47 times in the following 2½ years as

well as by specialists. A CAT scan and x-rays, taken after the accident, were negative. The plaintiff claims that she still suffers residual effects from being struck by the light fixture.

III. Discussion

The defendants move for summary judgment on the ground that the plaintiff has failed to present evidence showing that she suffered any physical injury as a result of the accident or that the defendants were negligent. The defendants also state that the plaintiff failed to provide medical records requested in discovery and has provided no expert report as required under Rule 26(a)(2), Fed. R. Civ. P.

In opposition, the plaintiff states that the defendants have copies of her medical records from FCI Danbury and that she provided releases to enable them to obtain her medical records from her current physicians. She states that she has provided the names of her expert witnesses to the defendants and that those witnesses are waiting for confirmation of the trial date to plan their trips to Connecticut.

The FTCA waives sovereign immunity and permits a lawsuit to proceed against the United States under circumstances where a private person would be liable under state law. In analyzing an FTCA claim, the court applies the substantive law of the state where the incident occurred. See Castro v. United States, 34 F.3d 106, 110 (2d Cir. 1994). Here, the plaintiff asserts

negligence claims for failure to properly maintain the light fixture and failure to provide proper medical care.  The elements of a negligence cause of action under Connecticut law are duty, breach of that duty, causation and actual injury.  See <u>Angiolillo v. Buckmiller</u>, 102 Conn. App. 697, 711(2007).

The defendants contend that the plaintiff has not presented any evidence to support her claim that the defendants were negligent or that she suffered injuries as a result of any negligence by the defendants.  The defendants also argue that the plaintiff received adequate medical care during the period she remained incarcerated following the accident.  In support of this position, they provide copies of medical records indicating that the plaintiff was seen by medical staff numerous times following the incident and was treated for migraine headaches and pain in the neck and right shoulder.  Most test results were negative.

A defendant filing a motion for summary judgment is not required to file affidavits or other admissible evidence disproving the plaintiff's claims.  The moving party may succeed by showing that little or no evidence exists to support the plaintiff's claims.  See <u>Ockimey v. Town of Hempstead</u>, 425 F. App'x 45 (2d Cir. 2011).  The nonmoving party, here the plaintiff, must submit admissible evidence demonstrating a genuine issue for trial.  See  <u>Graham v. Long Island R.R.</u>, 230 F.3d 34, 38 (2d Cir. 2000).  The plaintiff was apprised of this

requirement by the Notice to Pro Se Litigant and copies of the applicable federal and local civil rules filed by the defendants. In addition, because the Court was concerned that some confusion may have resulted from a previous incorrect notice filed by the defendants, the Court reviewed in detail the requirements of Local Rule 56 in a telephone conference conducted with all parties. In particular, the Court stressed the importance of filing one or more affidavits disputing the defendants' version of the facts, and the plaintiff indicated her understanding of the provisions of the Local Rule.

    Despite having expressed her understanding of the requirements of Local Rule 56, the plaintiff has not filed any admissible evidence supporting her claims.  Her assertion that she provided medical releases to the defendants during discovery does not excuse her from submitting appropriate medical evidence in opposition to the motion for summary judgment.  The mere fact that she has received medical treatment does not show that any injuries are attributable to the defendants. Nor is there any evidence that the plaintiff received inadequate medical treatment while incarcerated.  The plaintiff has also failed to file any admissible evidence that would support her claim that the defendants were negligent in connection with the maintenance of the light fixture.  Absent any evidence establishing the plaintiff's claims, the Court concludes that the defendants are

entitled to summary judgment.

IV. Conclusion

The defendants' motion for summary judgment [**Doc. #43**] is **GRANTED**. The Clerk is directed to enter judgment in favor of the defendants and close this case.

**SO ORDERED** this 4th  day of March 2014, at Hartford, Connecticut.

        /s/ DJS
        Dominic J. Squatrito
        United States District Judge